18 F.3d 953
 305 U.S.App.D.C. 193
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
McDONNELL DOUGLAS CORPORATION, Appellee,
v.
NATIONAL AERONAUTICAL AND SPACE ADMINISTRATION, Appellant.
 No. 92-5342.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 14, 1994.
As Amended March 15, 1994.
 
 Before: WALD, HENDERSON and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was heard on the record on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties and arguments by counsel. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). On consideration thereof, it is
 
 
 2
 ORDERED that the judgment from which this appeal has been taken be remanded to the district court for further consideration in light of this court's opinion in Critical Mass Energy Project v. Nuclear Regulatory Commission, 975 F.2d 871 (D.C.Cir.1992) (en banc). The district court enjoined the appellant from disclosing, pursuant to a Freedom of Information Act (FOIA) request by General Dynamics, certain line item prices in a contract between the appellant and the appellee. The court determined that the information sought came within exemption 4 of FOIA, 5 U.S.C. Sec. 552(b)(4) (exempting "trade secrets and commercial or financial information obtained from a person and privileged or confidential"), as that exemption was construed in National Parks and Conservation Association v. Morton, 498 F.2d 765 (D.C.Cir.1974). Since the district court's injunction issued this court's en banc opinion in Critical Mass reinterpreted the scope of exemption 4 to include "any financial or commercial information provided to the Government on a voluntary basis if it is of a kind that the provider would not customarily release to the public." 975 F.2d at 880. Accordingly, we conclude that the district court should reexamine the applicability of exemption 4 to the contract prices at issue under our holding in Critical Mass.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a)(1).